John **KIRSCHNER**, George Kirschner, Martha Kirschner and J & G Central Auto Collision, Inc., d/b/a Central Auto Collision, Plaintiffs,

v.

The **ZONING BOARD OF APPEALS OF** the **INCORPORATED VILLAGE OF VALLEY STREAM**, and Edward DeLucie, Fred San Fanandre and Marvin Ronik, in their capacity as Constituting Members of the Zoning Board of Appeals of the Incorporated Village of Valley Stream, Defendants.

No. CV 93–1764 (ADS).

United States District Court, E.D. New York.

Jan. 16, 1995.

---

Lysaght, Lysaght & Kramer, P.C., Lake Success, NY, for plaintiffs; John W. DeBlasio, of counsel.

Rivkin, Radler & Kremer, Uniondale, NY, for defendants; Kenneth A. Novikoff, of counsel.

### MEMORANDUM OF DECISION AND ORDER

SPATT, District Judge:

The defendants' have submitted an application for reasonable attorneys' fees and costs, in accordance with an order of the Court dated October 22, 1994. In that order the Court granted the defendants' motion for sanctions against the plaintiffs' attorneys under Rule 11 of the Federal Rules of Civil Procedure.

### BACKGROUND

The plaintiffs commenced this action under 42 U.S.C. § 1983, alleging violation of their Due Process and Equal Protection rights under the Fifth and Fourteenth Amendments to the United States Constitution, and of their free speech rights under the First Amendment to the United States Constitution. The basis of the plaintiffs' complaint was the revocation of a permit by the defendant Zoning Board of Appeals of the Incorporated Village of Valley Stream ("ZBA"). The permit would have allowed the plaintiffs to expand the nonconforming zoning use of their auto body shop.

On February 7, 1994, the Court granted the defendants' motion for summary judgment in their favor, and dismissed all of the plaintiffs' claims in their Second Amended Complaint with prejudice, except for the equal protection claim which was dismissed with leave to replead. At that time the Court warned the plaintiffs that it would consider imposing sanctions on their attorneys if their subsequent complaint failed to properly plead a cause of action.

The plaintiffs filed a Third Amended Complaint, which in the Court's view insufficiently pleaded a cause of action under the Equal Protection Clause, and did no more than merely recite the same allegations from the previously dismissed Second Amended Complaint. The defendant moved to dismiss the Third Amended Complaint. Realizing the insufficiency of their complaint, the plaintiffs withdrew the Third Amended Complaint and filed a Fourth Amended Complaint two days before oral argument of the defendants' motion to dismiss the Third Amended Complaint. On June 3, 1994 the Court dismissed the Third Amended Complaint, granted leave to the plaintiffs to file the Fourth Amended Complaint and allowed the defendants to move for the imposition of sanctions under Fed.R.Civ.P. 11. The defendants subsequently filed a motion for sanctions.

On October 21, 1994 this Court granted the defendants' motion for sanctions against the plaintiffs' attorneys, the law firm of Lysaght, Lysaght & Kramer. In its October 22, 1994 order granting the motion, the Court stated that "the sanctions against the law firm of Lysaght, Lysaght & Kramer will comprise of the defendants' reasonable attorneys' fees and costs incurred as a result of opposing the plaintiffs' Third Amended Complaint." Presently before the Court is the defendants' application for such fees and costs, and the plaintiffs' opposition to that application.

*The Defendants' Application.*

The defendants have submitted an application for $21,242.06, which they contend represents the amount of reasonable attorneys' fees and costs they have expended to defend against the plaintiffs' Third Amended Complaint and to file their motion for Rule 11

sanctions. The amount represents approximately 138.25 hours of work, and includes $4,616.81 in disbursements. The application is broken down as follows:

Opposition to Third Amended Complaint:

| | | | | |
|---|---|---|---|---|
| Kenneth A. Novikoff | 95.25 hours | @ $125/hr. | = | $11,906.25 |
| Robert Ortiz | 2.75 hours | @ $ 50/hr. | = | $ 137.50 |
| TOTAL | 98.00 hours | | | $12,043.75 |

Motion for Sanctions:

| | | | | |
|---|---|---|---|---|
| Kenneth A. Novikoff | 33.50 hours | @ $125/hr. | = | $ 4,187.50 |
| Michael Penner | .75 hours | @ $125/hr. | = | $ 93.75 |
| Robert Ortiz | 6.00 hours | @ $ 50/hr. | = | $ 300.00 |
| TOTAL | 40.25 hours | | | $ 4,581.25 |

| | | |
|---|---|---|
| TOTAL LEGAL SERVICES | = | $16,625.00 |
| TOTAL DISBURSEMENTS | = | $ 4,616.81 |
| Total | = | $21,241.81 |

The Court notes that while the defendants have applied for $21,242.06, the correct amount of their claim is the sum of $21,241.81.

In addition to the above, on the day oral argument was to be held on the defendants' application—and well after the parties submitted their briefs regarding the defendants' application—the defendants submitted a supplemental application for an additional $2,375 in fees. This amount represents 19 hours of work spent by Mr. Novikoff since November 28, 1994 responding to the plaintiffs' opposition to the defendants' fee and costs application, billed at the rate of $125 per hour. The Court, however, will disregard this supplemental application as untimely.

According to the defendants, Mr. Novikoff is a senior associate with his law firm, Mr. Penner is a junior associate, and Mr. Ortiz was a summer intern at the firm. The defendants further explain that Mr. Novikoff spent the 95.25 hours opposing the Third Amended Complaint in the following manner: 46.75 hours were spent analyzing the complaint, researching cases on WESTLAW, and drafting the motion papers; 29.25 hours were spent analyzing the plaintiffs' opposition papers, researching cases and drafting a reply; 8.25 hours were spent in preparation for oral argument; and 11 hours were spent in correspondence and telephone conversations with the Court, client and the plaintiffs' counsel regarding matters pertaining to the defendants' opposition to the Third Amended Complaint.

In explaining the amount of work spent on the opposition to the Third Amended Complaint, the defendants' counsel contends that certain of the issues to be researched and addressed, such as the elements of an equal protection claim and the preclusive effect of prior determinations of this Court, were complex, and that an "exhaustive line-by-line" comparison of the Second Amended Complaint with the Third Amended Complaint had to be conducted.

## DISCUSSION

### 1. *Rule 11 Sanctions.*

Rule 11(b) and 11(c) of the Federal Rules of Civil Procedure provide, in relevant part, as follows:

**(b) Representations to Court.** By presenting to the court (whether by signing, filing, submitting, or later advocating) a pleading, written motion, or other paper, an attorney or unrepresented party is certifying that to the best of the person's knowledge, information, and belief, formed after an inquiry reasonable under the circumstances,—

(1) it is not being presented for any improper purpose, such as to harass or to cause unnecessary delay or needless increase in the cost of litigation;

(2) the claims, defenses, and other legal contentions therein are warranted by existing law or by a nonfrivolous argument for the extension, modification, or reversal of existing law or the establishment of new law;

. . . .

**(c) Sanctions.** If, after notice and a reasonable opportunity to respond, the court determines that subdivision (b) has been violated, the court may ... impose an appropriate sanction upon the attorneys, law firms, or parties that have violated subdivision (b) or are responsible for the violation.

. . . .

(2) **Nature of Sanction; Limitations.** A sanction imposed for violation of this rule shall be limited to what is sufficient to deter repetition of such conduct or comparable conduct by others similarly situated. [T]he sanction may consist of, or include ... if imposed on motion and warranted for effective deterrence, an order directing payment to the movant of some or all of the reasonable attorneys' fees and other expenses incurred as a direct result of the violation.

. . . .

(3) **Order.** When imposing sanctions, the court shall describe the conduct determined to constitute a violation of this rule and explain the basis for the sanction imposed.

■ The central goal of Rule 11 sanctions is the deterrence of baseless filings and the curbing of abuses. *Cooter & Gell v. Hartmarx Corporation,* 496 U.S. 384, 393, 110 S.Ct. 2447, 2454, 110 L.Ed.2d 359 (1990); *Caisse Nationale De Credit Agricole–CNCA v. Valcorp,* 28 F.3d 259 (2d Cir.1994); *McMahon v. Shearson/American Express, Inc.,* 896 F.2d 17, 21 (2d Cir.1990) (Rule 11 was enacted to "discourag[e] dilatory and abusive litigation tactics and eliminat[e] frivolous claims and defenses, thereby speeding up and reducing the costs of the litigation process.").

■ A district court, however, should not impose sanctions so as to chill creativity or stifle enthusiasm or advocacy. *See Security Indus. Ass'n v. Clarke,* 898 F.2d 318, 322 (2d Cir.1990). Rather, as Rule 11(c)(2) provides, the primary principle in imposing sanctions is that the sanctions should not be more severe than reasonably necessary to deter repetition of the conduct by the offending person or comparable conduct by similarly situated persons. *See Notes on Advisory Committee to Rule 11,* 1993 Amendments; *accord International Shipping v. Hydra Offshore, Inc.,* 875 F.2d 388, 392 (2d Cir.) (Rule 11 empowers a court with broad discretion to award that portion of an attorney's fee thought reasonable to serve the sanctioning purpose of the Rule), *cert. denied,* 493 U.S. 1003, 110 S.Ct. 563, 107 L.Ed.2d 558 (1989).

■ Under Rule 11(c)(2), when imposing the sanction of reasonable attorneys' fees and related expenses, the Court may impose some or all of the reasonable attorneys' fees and costs. The amount of such fees and associated disbursements is calculated under the "lodestar" method. *See, e.g., Caisse Nationale,* 28 F.3d at 266; *Eastway Constr. Corp. v. City of New York,* 821 F.2d 121, 123 (2d Cir.) ("[A] fee substantially less than the lodestar amount is permissible."), *cert. denied,* 484 U.S. 918, 108 S.Ct. 269, 98 L.Ed.2d 226 (1987).

■ In the final analysis, the imposition of sanctions by the Court and the determination of the amount of the sanction is left to the court's discretion. *Caisse Nationale,* 28 F.3d at 264; *Eastway Constr.,* 821 F.2d at 123. The Advisory Committee notes to the 1993 Rule 11 amendments enumerate the following factors a court may considering when determining what sanction would be appropriate:

Whether the improper conduct was willful, or negligent; whether it was part of a pattern of activity, or an isolated event; whether it infected the entire pleading, or only one particular count or defense; whether the person has engaged in similar conduct in other litigation; whether it was intended to injure; what effect it had on the litigation process in time or expense; whether the responsible person is trained in the law; what amount, given the financial resources of the responsible person, is needed to deter that person from repeti-

tion in the same case; what amount is needed to deter similar activity by other litigants: all of these may in a particular case be proper considerations.

*Notes on Advisory Committee to Rule 11,* 1993 Amendments; *accord Eastway Constr. Corp. v. City of New York,* 637 F.Supp. 558, 571 (E.D.N.Y.1986), *modified and remanded,* 821 F.2d 121 (2d Cir.1987), *cert. denied,* 484 U.S. 918, 108 S.Ct. 269, 98 L.Ed.2d 226 (1987).

Because the lodestar method for calculating reasonable attorneys' fees in civil cases is the basis for the Court's determination of the reasonableness of the fees and expenses charged by defendants' counsel in this case, a brief review of the law governing the judicial determination of attorneys' fees in civil cases is in order.

### 2. *Calculation of Attorney's Fees in a Civil Case.*

In calculating an award of attorneys' fees in a civil case, the District Court should focus "on the significance of the overall relief obtained by the plaintiff in relation to the hours reasonably expended on the litigation.... The most critical factor is the degree of success obtained." *Hensley v. Eckerhart,* 461 U.S. 424, 435–36, 103 S.Ct. 1933, 1940–41, 76 L.Ed.2d 40 (1983). Further, "[h]ours spent on claims unrelated to those forming the basis of the claim giving rise to the fee award must be excluded unless the claims 'involve a common core of facts or will be based on related legal theories.'" *Rosario v. Amalgamated Ladies' Garment Cutters' Union,* 749 F.2d 1000, 1004 (2d Cir.1984) (quoting *Hensley,* 461 U.S. at 435, 103 S.Ct. at 1940)).

■ The amount of an award of attorney's fees in a civil case is determined by the "lodestar" method. *Blanchard v. Bergeron,* 489 U.S. 87, 109 S.Ct. 939, 945, 103 L.Ed.2d 67 (1989); *Cruz v. Local Union No. 3 of the International Brotherhood of Electrical Workers,* 34 F.3d 1148, 1159 (2d Cir.1994). That method initially estimates the amount of the fee award by multiplying the number of hours reasonably expended on the litigation by a reasonable hourly rate. *Pennsylvania v. Delaware Valley Citizens' Council*

*for Clean Air,* 478 U.S. 546, 563, 106 S.Ct. 3088, 3097, 92 L.Ed.2d 439 (1986). A reasonable attorneys fee is,

one calculated on the basis of rates and practices prevailing in the market, *i.e.,* "in line with those [rates] prevailing in the community for similar services by lawyers of reasonably comparable skill, experience, and reputation," and one that grants the successful civil rights plaintiff a "fully compensatory fee," comparable to what "is traditional with attorneys compensated by a fee-paying client."

*Missouri v. Jenkins,* 491 U.S. 274, 286, 109 S.Ct. 2463, 2470, 105 L.Ed.2d 229 (1989) (citation omitted). *See also Blum v. Stenson,* 465 U.S. 886, 895–96 & n. 11, 104 S.Ct. 1541, 1547 & n. 11, 79 L.Ed.2d 891 (1984).

The product of reasonable hours times a reasonable rate does not end the inquiry. "There remain other considerations that may lead the district court to adjust the fee upward or downward." *Hensley,* 461 U.S. at 434, 103 S.Ct. at 1940. In considering an adjustment to the lodestar calculation in order to arrive at a "reasonable" amount of an award of attorney's fees in a civil rights case, the district court may consider the twelve factors set forth by the Fifth Circuit in *Johnson v. Georgia Highway Express, Inc.,* 488 F.2d 714, 717–19 (5th Cir.1974). These factors are: (1) the time and labor required; (2) the novelty and difficulty of the question; (3) the skill requisite to perform the legal service properly; (4) the preclusion of other employment by the attorney due to acceptance of the case; (5) the customary fee; (6) whether the fee is fixed or contingent; (7) time limitations imposed by the client or the circumstances; (8) the amount involved and the results obtained; (9) the experience, reputation, and ability of the attorney; (10) the "undesirability" of the case; (11) the nature and length of the professional relationship with the client; and (12) awards in similar cases.

However, many of these factors are subsumed within the initial lodestar calculation. Thus, in *Blum,* 465 U.S. at 898–900, 104 S.Ct. at 1548–50, the Supreme Court held that the novelty and complexity of the issues, the

quality of representation, the special skill and experience of counsel, and the results obtained are factors fully reflected in the lodestar calculation and cannot serve as independent bases for adjusting the basic fee award. *See also, Delaware Valley Citizens' Council,* 478 U.S. at 564–65, 106 S.Ct. at 3097–98; *United States Football League v. National Football League,* 887 F.2d 408, 415 (2d Cir. 1989), *cert. denied,* 493 U.S. 1071, 110 S.Ct. 1116, 107 L.Ed.2d 1022 (1990).

In determining the specific amount of an attorney's fee, the prevailing parties "are entitled to reasonable hourly rates which fall within the prevailing marketplace rates in the community for similar services by lawyers of reasonably comparable skill, experience, and reputation." *Cruz,* 34 F.3d at 1159; *New York State Nat'l Org. for Women v. Terry,* 737 F.Supp. 1350, 1361 (S.D.N.Y. 1990) (citation omitted), *aff'd in part, rev'd in part on other grounds,* 961 F.2d 390 (2d Cir.1992).

■ Furthermore, central to an application for attorney's fees is the submission of time records reflecting the hours expended by counsel in pursuing the successful claims of their client. In order for a party to recover attorney's fees, such time records must be made contemporaneously with the associated work. *Lewis v. Coughlin,* 801 F.2d 570, 577 (2d Cir.1986). Also, "[t]hese records should specify, for each attorney, the date, the hours expended, and the nature of the work done." *New York State Ass'n for Retarded Children, Inc. v. Carey,* 711 F.2d 1136, 1148 (2d Cir.1983). "The burden is on counsel to keep and present records from which the court may determine the nature of the work done, the need for it, and the amount of time reasonably required; where adequate contemporaneous records have not been kept, the court should not award the full amount requested." *F.H. Krear & Co. v. Nineteen Named Trustees,* 810 F.2d 1250, 1265 (2d Cir.1987) (applying New York State law and noting that the Second Circuit rule is similar to that of New York); *see also Soler v. G & U Inc.,* 801 F.Supp. 1056 (S.D.N.Y. 1992).

With regard to costs and disbursements, a court will generally award "those reasonable out-of-pocket expenses incurred by the attorney and which are normally charged fee paying clients." *Reichman v. Bonsignore, Brignati & Mazzotta, P.C.,* 818 F.2d 278, 283 (2d Cir.1987). "A prevailing party may be reimbursed for expenditures which add to the proceeding and are not part of the attorney's ordinary overhead." *Terry,* 737 F.Supp. at 1363.

### 3. The Plaintiffs' Counsel's Objections to The Defendants' Fee and Disbursement Application.

The plaintiffs' counsel contends that the defendants' application is "totally unreasonable." First, the plaintiffs' counsel contends that the amount of hours spent by the defendants' attorneys opposing the motion, approximately 140 hours, was excessive. According to the plaintiffs' counsel the issues raised by the Third Amended Complaint were not complex, and it is "incredulous" that the defendants' counsel spent that much time opposing the Third Amended Complaint given his experience and the reputation of his law firm.

Next, the plaintiffs' counsel contends that the Court should consider that the filing of the Third Amended Complaint was not vindictive or in bad-faith. The plaintiffs' counsel also contends that the Court should be more lenient in the case of a first-time offender, and should take into account the reputation of the plaintiffs' counsel's law firm. Finally, the plaintiffs' counsel contends that the Court is not bound by the calculated lodestar method, but that it has the discretion to award an amount less than the $21,-241 asked for.

### 4. Imposition of Sanctions.

■ Rule 11(c)(3) provides that when imposing sanctions, the court "shall describe the conduct determined to constitute a violation of this rule and explain the basis for the sanction imposed." *See also Caisse Nationale,* 28 F.3d at 264 (the district court need only specify the sanctionable conduct and the authority for the sanctions). This present opinion constitutes the Courts order pursuant to Rule 11(c)(3).

As indicated at the beginning of this decision, when this Court dismissed the plaintiffs' Second Amended Complaint, it warned the plaintiff that sanctions could be imposed if the plaintiff failed to properly plead a cause of action under the Equal Protection Clause. The conduct determined to violate Rule 11 in this instance is the plaintiffs' filing of the Third Amendment Complaint, which did no more than reiterate the allegations and claims from the Second Amended Complaint with regard to the plaintiffs' cause of action under the Equal Protection Clause. Moreover, realizing the insufficiency of the Third Amended Complaint after the defendants filed a motion to dismiss, the plaintiffs' counsel filed a Fourth Amended Complaint two days before oral argument on the defendants' motion.

In the Court's view, the plaintiffs' counsel's conduct with regard to the Third Amended Complaint constitutes a transgression of the requirements of Rule 11(b)(1) and 11(b)(2). Rule 11(b)(1) is transgressed because the pleading was presented for an improper purpose, namely to cause unnecessary delay or needless increase in the cost of litigation. *See Knipe v. Skinner,* 19 F.3d 72, 77 (2d Cir.1994) (reasserting arguments in a new complaint that were already rejected by the district court in the context of the same factual circumstances affords grounds for finding that the new pleading was interposed for an improper purpose). Rule 11(b)(2) is transgressed because it is clearly objectively reasonable that the pleading's claims and other legal contentions are not warranted by existing law, or by a nonfrivolous argument to extend, modify or reverse existing law, or to establish new law. *See Caisse Nationale,* 28 F.3d at 264 (Rule 11 applies in situations were it is patently clear that a claim has absolutely no chance of success).

██ The Court has reviewed the applicable law in this Circuit and determines that, based upon the type of work performed and the experience of the attorneys, the following maximum rates are fair and reasonable: for partners, no more than $200 per hour; for associates, no more than $135 per hour. These rates have been upheld in the Second Circuit as within the scope of the Court's

discretion to impose. *See Cruz,* 34 F.3d at 1160. *See also Huntington Branch NAACP v. Town of Huntington,* 749 F.Supp. 62, 65 (E.D.N.Y.1990) (rates of $135–$225 per hour appropriate in housing discrimination case, where counsel performed "extremely ably" and have experience in civil rights cases); *Nu–Life Constr. Corp. v. Board of Educ.,* 795 F.Supp. 602, 606 (E.D.N.Y.1992) (counsel awarded fees at rates of $165–$200 per hour in RICO action after a trial), *aff'd in relevant part,* 28 F.3d 1335, 1342 (2d Cir.1994).

Additionally, a law clerk's and paralegal's time is also compensable in an award of attorney's fees. *Missouri v. Jenkins,* 491 U.S. at 285–86, 109 S.Ct. at 2471; *United States Football League,* 887 F.2d at 416. The Court compensates plaintiffs' counsel for the work performed by law student clerks and paralegals at a rate of $50 per hour. *See Aetna Casualty and surety Co. v. Namrod Devel. Corp.,* No. 91–1609, 1992 WL 367100 1992 U.S. Dist. LEXIS 17843 (S.D.N.Y. November 24, 1992) (paralegal work compensated at $55 per hour); *Lewis v. Tuscan Dairy Farms, Inc.,* No. 87–7607, 1992 WL 226927 1992 U.S. Dist. LEXIS 13244 (S.D.N.Y. Sept. 3, 1992) (paralegal work compensated at $50 per hour).

Plaintiffs' counsel's legal rates fall well within the rates cited above. The associates have been billed at a rate of $125/hour, and the summer intern had been billed at $50.hr. Accordingly, the Court finds that the rates charged by counsel are reasonable. Moreover, the Court believes that, except for the WESTLAW charge which will be discussed below, the disbursement charges for photocopying, local travel, faxing, and federal express are reasonable and do not constitute overhead.

██ However, the Court agrees with the plaintiffs' attorneys that the amount of time spent by the defendants' counsel in opposing the Third Amended Complaint is excessive and unreasonable. In this Court's view, the legal issues raised by the Third Amended Complaint were not as complex as the defendants' counsel claims. Indeed, he had successfully moved to dismiss the exact same equal protection claim raised in the Second Amended Complaint. The Court believes

that in light of the issues raised and the experience of the defendants' counsel, spending 95 hours—approximately one and a half weeks of full-time work on the project by an attorney—is unreasonable. It took this Court no more than an hour to conduct an exhaustive line-by-line review of the two complaints.

Accordingly, the Court will reduce the number of hours charged by Mr. Novikoff for opposing the Third Amended Complaint from 95.25 hours to 40 hours. This results in a decrease of the fee amount charged by Mr. Novikoff for opposing the complaint from $11,906.25 to $5,000, a decrease of $6,906.25,

and a decrease in the total amount of fees charged in the application from $16,625 to $9,718.75. The reduction in the total fees represents a 41.5% decrease.

■ Moreover, a commensurate percentage decrease in the WESTLAW legal research charge of $3,973.76 is appropriate. 41.5% of the WESTLAW charge amounts to $1,629.24, thus reducing the charge from $3,973.76 to $2,344.52, and the total disbursements charge from $4,616.81 to $2,987.57. The total fees and disbursements sought as sanctions is thus reduced from $21,241.81 to $12,706.32, and is delineated as follows:

Opposition to Third Amended Complaint:

| | | | | |
|---|---|---|---|---|
| Kenneth A. Novikoff | 40.00 hours | @ $125/hr. | = | $ 5,000.00 |
| Robert Ortiz | 2.75 hours | @ $ 50/hr. | = | $ 137.50 |
| TOTAL | 42.75 hours | | | $ 5,137.50 |

Motion for Sanctions:

| | | | | |
|---|---|---|---|---|
| Kenneth A. Novikoff | 33.50 hours | @ $125/hr. | = | $ 4,187.50 |
| Michael Penner | .75 hours | @ $125/hr. | = | $ 93.75 |
| Robert Ortiz | 6.00 hours | @ $ 50/hr. | = | $ 300.00 |
| TOTAL | 40.25 hours | | | $ 4,581.25 |

| | | |
|---|---|---|
| TOTAL LEGAL SERVICES | = | $ 9,718.75 |
| TOTAL DISBURSEMENTS | = | $ 2,987.57 |
| Total | = | $12,706.32 |

The figure of $12,706.32 represents the reasonable attorneys' fees and costs calculated under the lodestar method. However, that does not end the matter.

■ Under the provisions of Rule 11(c)(2), the Court may award some or all of the reasonable attorneys' fees and costs. *Accord Eastway Constr.*, 821 F.2d at 123. As mentioned above, in determining what amount of sanction is appropriate, the primary principle the Court must keep in mind is that the sanctions should not be more severe than reasonably necessary to deter repetition of the conduct by the offending person or comparable conduct by similarly situated persons. Fed.R.Civ.P. 11(c)(2); *Eastway Constr.*, 821 F.2d at 123. In addition, the Court notes that Rule 11 is not a fee-shifting mechanism, but rather is intended to maintain the integrity of the system of federal practice. *Estate of Calloway v. The*

*Marvel Entertainment Group*, 9 F.3d 237, 241 (2d Cir.1993) (citing *Cooter & Gell*, 496 U.S. at 409, 110 S.Ct. at 2462), *cert. denied*, —— U.S. ——, 114 S.Ct. 1829, 128 L.Ed.2d 459 (1994).

■ With these principles in mind, and in consideration of the factors listed in the advisory committee notes to the 1993 amendments to Rule 11, the Court believes a further reduction in the amount of the sanction is warranted. This is so because (1) the plaintiffs' counsel's conduct was not part of a pattern of delay, (2) the plaintiffs' counsel had not previously engaged in this type of conduct, (3) the filing of the Third Amended Complaint was not intended to injure the defendants, and (4) the amount needed to deter the plaintiffs' counsel and others who are similarly situated need not be as great as twelve thousand dollars. In the Court's

view, $2500 is more than adequate as a sanction with regard to the particular conduct at issue, as well as to deter repetition of the conduct by the plaintiffs' attorney or comparable conduct by similarly situated persons.

Accordingly, for the reasons stated above the Court imposes the sanction of $2500, which amount includes disbursements, on the plaintiffs' counsel for the filing of the .Third Amended Complaint in this case. The law firm of Lysaght, Lysaght & Kramer is to pay the defendants' counsel that amount within twenty days from the date of this order.

The parties are directed to immediately proceed to and complete discovery.

**SO ORDERED.**