**Joseph M. MENDOZA, Plaintiff,**

v.

**The CITY OF ROME, NEW YORK; James Boyer, Donald Early, and Terry Gowett, as Police Officers of the City of Rome Police Department; and Other Unknown Police Officers of the City of Rome, Defendants.**

**No. 92–CV–436.**

United States District Court,
N.D. New York.

June 30, 1995.

Attorney fees granted, sanctions denied, travel expenses granted.

Office of Kenneth P. Ray, Utica, NY, for plaintiff (Charles W. Wason and John Maya, of counsel).

Office of Corp. Counsel, Rome, NY, for defendants (Diane M. Martin and Gregory Amoroso, of counsel).

## MEMORANDUM–DECISION and ORDER

HURD, United States Magistrate Judge.

### I. INTRODUCTION

Presently before this court is plaintiff's application for attorney's fees and expenses. The defendants have moved for travel costs in the appearance of defendant Terry Gowett ("Gowett"), and for sanctions.

This action involves claims for violation of plaintiff's constitutional rights pursuant to 42 U.S.C. § 1983. The case was tried before this court and a jury on September 6, 7, 8, 9, and 12, 1994, in Utica, New York. Following the jury's verdict and post trial motions, a judgment was entered against the defendant Donald Early for false arrest and use of excessive force, in the sum of $62,500.00 in compensatory damages and $17,543.00 in punitive damages for a total of $80,043.00. The complaint was dismissed against the other defendants.

The statute 42 U.S.C. § 1988 under which plaintiff seeks to recover attorney's fees and expenses provides that "In any action or proceeding to enforce a provision of § 1981, 191(a), 1982, 1983, 1985, 1986 of this Title . . . the court, in its discretion may allow the prevailing party, other than the United States, a reasonable attorney's fee as part of the costs." Defendants' claim for trial expenses and sanctions is pursuant to Federal Rules of Civil Procedure 11 and Local Rules 7.1.

### II. CLAIM

The plaintiff seeks $93,690.63 in attorney's fees and $3,646.87 in expenses for a total of $97,337.50. The submissions claim that partner Kenneth P. Ray, Esq. expended 84.5 hours; associate Charles W. Wason, Esq. expended 255.75 hours; associate Peter W. Antonowicz expended 19.3 hours; associate John A. Mayo expended 60.75 hours; associate "DAM" and "JAM" 2.0; and unidentified 6.0 hours. Total hours expended was 428.30 hours. Plaintiff's attorney seeks a rate of $175.00 for both partner and associates. This is a total of $74,952.50 for attorney's fees. In addition, plaintiff seeks a twenty-five per cent (25%) bonus or multiplier in the sum of $18,738.13 because of "contingency risk in not prevailing."

The defendants object in that the hours include time expended on unsuccessful claims, and are excessive, redundant, and unnecessary. Defendants further contend that the prevailing rate for partners is $125.00 to $150.00 per hour, and for associates $75.00 to $100.00. Defendants also contend that the claims for expenses include items which were either unnecessary or excessive.

### III. DISCUSSION

The United States Supreme Court has stated that a party may only recover a fee award if that party prevails on "any significant claim affording some of the relief sought." *Texas State Teachers Ass'n v. Garland Indep. Sch. Dist.*, 489 U.S. 782, 791, 109 S.Ct. 1486, 1493, 103 L.Ed.2d 866 (1989). The threshold determination which must be made then is whether plaintiff is a "prevailing party." The United States Supreme Court found that a plaintiff prevails for § 1988 purposes "if [he] succeed[s] on any significant issue in litigation which achieves some of the benefit [he] sought in bringing suit." *Farrar v. Hobby*, —— U.S. ——, ——, 113 S.Ct. 566, 572, 121 L.Ed.2d 494 (1992) (quoting *Hensley v. Eckerhart*, 461 U.S. 424, 433, 103 S.Ct. 1933, 1939, 76 L.Ed.2d 40 (1983)). The Second Circuit has attempted to further delineate the bounds within which one may be classified as a prevailing party, stating that, "Success may be assessed by examining whether plaintiff[ ] can point to a resolution of the dispute which changes the legal relationship between [plaintiff] and the defendant." *Ruggiero v. Krzeminski*, 928 F.2d 558, 564 (2d Cir.1991) (citing *Garland*, 489 U.S. at 793, 109 S.Ct. at 1494). "A party need not succeed on every issue raised by him, nor even the most crucial one." *La-Rouche v. Kezer*, 20 F.3d 68, 71 (2d Cir.1994).

■ In the underlying action, plaintiff Joseph Mendoza alleged that his civil rights were violated when the individual defendants arrested him on April 29, 1991. Although the claims were eventually dismissed as against the individual defendants James Boyer and Terry Gowett, and the City of Rome,

the plaintiff did prevail against the defendant Donald Early, and obtained a substantial verdict. He has clearly prevailed on a "significant claim affording some of the relief sought." *Garland,* 489 U.S. at 791, 109 S.Ct. at 1493. Plaintiff is the prevailing party in this action and is entitled to attorney's fees and expenses.

■ The Court must then proceed to calculate the amount of the attorney's fee award. Such a calculation calls for a determination of a "reasonable" amount that would compensate the attorney. 42 U.S.C.A. § 1988(b) (1994). In determining the reasonableness of a request for attorney's fees, the court must undertake the task of determining the lodestar amount: namely, the product of the number of hours reasonably expended in an action and the reasonable hourly rate. *See Blanchard v. Bergeron,* 489 U.S. 87, 94, 109 S.Ct. 939, 944, 103 L.Ed.2d 67 (1989); *see also Pennsylvania v. Delaware Valley Citizens' Council for Clean Air,* 478 U.S. 546, 563, 106 S.Ct. 3088, 3097, 92 L.Ed.2d 439 (1986); *Hensley,* 461 U.S. at 433, 103 S.Ct. at 1939 (1983); *Cruz v. Local Union No. 3 of Int'l Bhd.,* 34 F.3d 1148, 1159 (2d Cir.1994).

Upon a showing by the applicant that both the claimed hourly rate and number of hours are reasonable, the lodestar amount is presumed to be the reasonable fee to which an attorney is entitled. *Blum v. Stenson,* 465 U.S. 886, 897, 104 S.Ct. 1541, 1548, 79 L.Ed.2d 891 (1984); *New York State NOW v. Terry,* 737 F.Supp. 1350, 1359 (S.D.N.Y. 1990). This lodestar amount must then be examined to determine the necessity of either downward or upward adjustments. However, in most circumstances, any relevant factors will bear on reasonableness and would thus be included in the calculation of the lodestar amount. In such a situation, no adjustment will be required. *Delaware Valley Citizens' Council for Clean Air,* 478 U.S. at 566, 106 S.Ct. at 3099. The court declines to make an upward adjustment as requested by the plaintiff's attorney in this case.[1]

Furthermore, the court possesses the freedom to "apply its own knowledge of prevailing rates and rates awarded in similar cases." *O'Connor v. Liberty Mut. Ins. Co.,* No. 92 Civ. 2296, 1995 WL 49278, at *4 (S.D.N.Y. Feb. 8, 1995).

■ Upon a review of all of the above-listed factors with regard to this case, the court finds the plaintiff to be awarded $150.00 per hour for partner's efforts, as well as a rate of $110.00 per hour for associates.

The court finds the defendants' argument that many hours were expended on unsuccessful claims to be without merit. The tasks performed during any hours expended on unsuccessful claims served multiple claims and were legally and factually intertwined.[2] Plaintiff's attorney devoted much time to the litigation as a whole and should be entitled to attorney's fees and expenses in that regard. *Northeast Women's Ctr. v. McMonagle,* 889 F.2d 466, 476 (3rd Cir.1989), *cert. denied,* 494 U.S. 1068, 110 S.Ct. 1788, 108 L.Ed.2d 790 (1990).

1. Upward enhancement, bonus or multiplier has been severely limited by the Supreme Court in the recent case of *City of Burlington v. Dague,* 505 U.S. 557, 567–68, 112 S.Ct. 2638, 2644, 120 L.Ed.2d 449 (1992) (attorney's fees are not to be enhanced because of the contingency of risk in not prevailing).

2. *See Dominic v. Consolidated Edison Co.,* 822 F.2d 1249, 1259 (2d Cir.1987) ("factual and legal theories underlying [plaintiff's] age discrimination claim [the claim lost] were inextricably intertwined with those underlying his retaliatory discharge claim [the claim won]. Consequently, a fully compensatory fee award was justified."); *see also Williams v. Roberts,* 904 F.2d 634, 640 (11th Cir.1990) (Plaintiff lost transfer and demolition claims, but won discharge claim. The court stated, "It is obvious that the operative facts relevant to the transfer and discharge claims were overlapping and intertwined. The district court wisely declined to dissect the interlocking evidence and ... held that a downward modification of the requested fee award was unjustified."); *Abshire v. Walls,* 830 F.2d 1277, 1282–83 (4th Cir.1987) (won strip search claim; lost false arrest, false imprisonment and malicious prosecution claims; Court of Appeals stated, "[Plaintiff's] claims were based on different legal theories, but they all arose from a 'common core of facts.' The facts surrounding [plaintiff's] strip search were inextricably intertwined with the facts surrounding his initial confrontation with the police, his arrest and later imprisonment. In our view, it is impossible to isolate the inquiry into the constitutionality of the strip search from the other facts.")

■ The court has undertaken a painstaking review of the time records submitted by the plaintiff's attorney. The court does find that the claims for research and preparation hours are excessive; that it was unnecessary for two attorneys to attend examinations before trial or the trial; and that certain motion practice was either unnecessary or was the result of procedural failures which were no fault of the defendants. As a result, adjustments have been made to determine those hours reasonably expended in pursuing plaintiff's claim.

By applying each attorney's reasonable rate, as determined above, to those hours reasonably expended by that attorney as adjusted above, the court has made a calculation of the fee award in the following table.

| Attorney | Hours | Rate | Allowance |
|---|---|---|---|
| Kenneth P. Ray | 72.0 | $150.00 | $10,800.00 |
| Charles W. Wason | 154.05 | 110.00 | 16,945.50 |
| John A. Mayo | 11.5 | 110.00 | 1,265.00 |
| Peter W. Antonowicz | 17.4 | 110.00 | 1,914.00 |
| DAM and JAM | 2.0 | 110.00 | 220.00 |
| Total | | | $31,144.50 |

■ The figure of $31,144.50 is considerably lower than the $93,690.63 that plaintiff submitted as attorney's fees. It is, however, a reasonable fee in light of this relatively straight forward civil rights action. A firm must furnish a reasonable balance between providing adequate legal services and the cost of same, especially when the client hopes to shift the fee burden. A court cannot allow a prevailing party to foist an unreasonable fee upon his adversary. *F.H. Krear & Co. v. Nineteen Named Trustees*, 810 F.2d 1250, 1263 (2d Cir.1987).

■ With respect to plaintiff's application for costs and disbursements, an award will generally cover "reasonable out-of-pocket expenses incurred by the attorney and which are normally charged fee paying clients." *Kirschner v. Zoning Bd. of Appeals of Valley Stream*, 159 F.R.D. 391, 397 (E.D.N.Y.1995) (quoting *Reichman v. Bonsignore, Brignati & Mazzotta, P.C.*, 818 F.2d 278, 283 (2d Cir.1987)). Upon a review of the plaintiff's application, the court will disallow the disbursement of $750.00 to Dr. Stowens as an expert witness since he did not testify at the time of trial. Nor is there any evidence that his expertise was used in preparation for trial. In addition, the court finds that the disbursement of $750.00 paid to Tom O'Toole for witness locates, interviews, and statements is excessive and will be reduced to $500.00. Otherwise, the remaining expenses will be allowed. Therefore the total expenses awarded to the plaintiff are $2,646.87.

■ As noted above, the defendants have made a motion to be reimbursed for the travel expenses for Gowett, and for sanctions in continuing the action against him. Upon motion by the plaintiff's attorney, Gowett was added as a defendant with the permission of this court. He is a resident of the State of Illinois. After he was served with the summons and amended complaint, he was produced by the defendants in New York state for an examination before trial. However, at trial, the plaintiff offered no evidence against Gowett. The record does not even disclose whether he was present at the scene which is the subject of this action. He may or may not have been present, and there may or may not be evidence to that effect. However, no such evidence was introduced by the plaintiff. In light of this failure, the defendants should have been advised that the plaintiff would be offering no evidence against Gowett in order to avoid the unnecessary time and expense incurred by him in traveling from Illinois to attend the trial. The defendants' attorney is making no claim of any loss of earnings for Gowett, and there has been no showing that the handling of this litigation would have differed in any degree if, in fact, the action had been discontinued against Gowett prior to trial. Therefore, this court will deny the imposition of any sanctions upon plaintiff's attorney, but will order that the plaintiff's attorney pay to the defendants' attorney the travel costs of $565.00 for Gowett's appearance at the examination before trial and the trial.

Accordingly, it is

ORDERED that

1. The Clerk enter judgment in favor of the plaintiff against the defendant Donald Early in the sum of $33,791.37 which represents $31,144.50 for attorney's fees, and $2,646.87 in expenses;

2. Defendants' motion for sanctions is DENIED; and

3. The plaintiff's attorney shall pay to the defendants' attorney the sum of $565.00 as Gowett's travel expenses.

IT IS SO ORDERED.

