**Juanita DeCARLO and Vita DeCarlo, Plaintiffs,**

v.

**Cesar PERALES, Commissioner, New York State Department of Social Services; Richard DuRose, Commissioner of Social Services of Oneida County; and Jacqueline Turner, Individually, and in her official capacity as Supervisor of Day Care Unit; Defendants.**

No. 89-CV-383.

United States District Court, N.D. New York.

May 2, 1997.

MacKenzie Smith Lewis, Michell & Hughes, L.L.P., Syracuse (Nancy L. Pontius, Carter H. Strickland, of counsel), for Plaintiffs.

Dennis C. Vacco, Attorney General of the State of New York, Litigation Bureau, The Capital, Albany (Lisa Renee Harris, of counsel), for Defendant Cesar Perales.

Law Offices of V. Micheal Liccione, Utica (Norman I. Seigel, for counsel), for Defendant Richard DuRose.

Gorman, Waszkiewicz, Gorman & Schmitt, Utica (Bartle J. Gorman, of counsel), for Defendant Jacqueline Turner.

### MEMORANDUM—DECISION AND ORDER

HURD, United States Magistrate Judge.

### I. INTRODUCTION

The plaintiffs have moved for an order pursuant to Rule 54(d) of the Federal Rules of Civil Procedure and the Equal Access to Justice Act, 42 U.S.C. § 1988, for attorney's fees, costs, and expenses against the defendants the Commissioner of Social Services of the State of New York Cesar A. Perales ("Commissioner Perales") and the Commissioner of Social Services of Oneida County Richard DuRose ("Commissioner DuRose"). The defendants have opposed all or part of the plaintiffs' application.

The action was commenced in April 1989 by the plaintiffs, *pro se*, against Commissioner Perales, Commissioner DuRose, and other individuals. On September 7, 1990, District Court Judge Con. G. Cholakis appointed Nancy L. Pontius, Esq., to represent the plaintiffs, *pro bono*. In October 1993, Judge Cholakis issued a further order appointing Carter H. Strickland, Esq., to serve as trial counsel *pro bono*. During the course of pretrial proceedings, all individual claims against defendants Commissioner Perales, Commissioner DuRose, and other defendants, except for defendant Jacqueline Turner ("Turner"), were dismissed on motion. Therefore, at the time of trial, the only remaining defendants were Commissioner Perales and Commissioner DuRose in their official capacities as Commissioners, and Turner, individually and in her official capacity with the Oneida County Department of Social Services. The case was tried before this court and a jury on January 13–16, 1997, in Utica, New York. At the conclusion of the trial the jury issued a verdict in favor of Turner and against Commissioner DuRose, and awarded plaintiff Juanita DeCarlo ("Mrs. DeCarlo") the sum of Three Hundred Thousand Dollars ($300,000) in damages. The court issued Findings of Fact and Conclusions of Law against Commissioner Perales declaring that he had deprived the plaintiffs of their constitutional due process rights under the Fourteenth Amendment with an undue delay in acting upon their request to expunge an incident report of child sexual abuse with the state's Central Registry. A judgment was entered dismissing the complaint against Turner, for Mrs. DeCarlo and against Commissioner DuRose in the sum of Three Hundred Thousand Dollars ($300,000), and declaring that Commissioner Perales violated the plaintiffs' constitutional rights. All post trial motions were denied.

## II. *CLAIM*

The plaintiffs seek $84,777.00 in attorney's fees, and $2,248.86 in expenses for a total of $87,025.86. The submissions claim that partner Nancy L. Pontius, Esq. expended 345.3 hours; partner Carter H. Strickland, Esq., expended 156 hours; associate Neal P. McCurn, Jr., Esq., expended 22.1 hours; and paralegals expended 11.7 hours. Plaintiffs' attorneys seek rates of $150.00 to $175.00 for the partners; $90.00 for the associate; and $50.00 to $70.00 for the paralegals. The times and rates cover the years 1990 to 1997. In addition, the plaintiffs seek an upward adjustment for the delay in payment. The application includes time for the preparation of this motion.

Both defendants object to the hours expended on unsuccessful claims. In particular, the defendants object to any hours expended on pursuing claims against the individual defendants which were all unsuccessful. In addition, the defendants claim that the plaintiffs' application contains hours which are excessive for the tasks performed, and unnecessary duplicate efforts. The defendants also contend that the prevailing rates should be $125.00 to $150.00 per hour for partners, $75.00 to $110.00 for the associate, and that no upward adjustment is warranted. Finally, Commissioner Perales contends that the plaintiffs are not sufficient prevailing parties so as to be entitled to any attorney's fees, costs, or expenses against him.

## III. *DISCUSSION*

### A. *Standard*

The United States Supreme Court has stated that a party may only recover fee award if that party prevails on "any significant claim affording it some of the relief sought." *Texas State Teachers Ass'n v. Garland Indep. Sch. Dist.*, 489 U.S. 782, 791, 109 S.Ct. 1486, 1493, 103 L.Ed.2d 866 (1989). The threshold determination which must be made then is whether the plaintiff is "prevailing party." The United States Supreme Court found that a plaintiff prevails for § 1988 purposes " 'if [he] succeed[s] on any significant issue in litigation which achieves some of the benefit [he] sought in bringing suit.' " *Farrar v. Hobby*, 506 U.S. 103, 109, 113 S.Ct. 566, 572, 121 L.Ed.2d 494 (1992) (quoting *Hensley v. Eckerhart*, 461 U.S. 424, 433, 103 S.Ct. 1933, 1939, 76 L.Ed.2d 40 (1983)). The Second Circuit has attempted to further delineate the bounds within which one may be classified as a prevailing party,

stating that, "[S]uccess may be assessed by examining whether plaintiff can 'point to a resolution of the dispute which changes the legal relationship between [plaintiff] and the defendant.'" *Ruggiero v. Krzeminski,* 928 F.2d 558, 564 (2d Cir.1991) (quoting *Texas State Teachers Ass'n,* 489 U.S. at 792, 109 S.Ct. at 1493). "A party need not succeed on every issue raised by him, nor even the most crucial one." *LaRouche v. Kezer,* 20 F.3d 68, 71 (2d Cir.1994).

### B. *Commissioner Perales*

■ The plaintiffs did prevail on their claim against Commissioner Perales in his official capacity because they secured a declaration that between 1985 and 1988, he and his department did in fact violate their constitutional rights. However, because of the Eleventh Amendment, they were unable to secure any monetary damages against him. All of their claims for monetary damages against him individually or against any other individual state actors were dismissed. The Second Circuit has recently held that

> [d]etermining whether an award of attorney's fees is appropriate requires a two-step inquiry. First, the party must be a "prevailing party" in order to recover. *Farrar,* 506 U.S. at 109, 113 S.Ct. at 571–72. If she is, then the requested fee must also be reasonable. *Hensley,* 461 U.S. at 433, 103 S.Ct. at 1939. The most important factor in determining the reasonableness of the fee is the degree of success obtained. *Farrar,* 506 U.S. at 114, 113 S.Ct. at 574–75. Ordinarily, if the plaintiff only receives nominal damages, she is not entitled to attorney's fees or expenses.

*Pino v. Locascio,* 101 F.3d 235, 237–38, (2d Cir.1996).

The question presented is whether the declaratory judgment against Commissioner Perales because he and his department violated plaintiffs' constitutional rights over a three year period starting twelve years ago, is sufficient to justify an award of attorney's fees, costs, and expenses. At this point in time, the declaratory judgment has not changed the legal relationship between the plaintiffs and Commissioner Perales. It is clearly a moral victory for the plaintiffs, but

otherwise has no long term effect. The declaratory judgment does not require Commissioner Perales or the New York State Department of Social Services to do anything. Therefore, although the plaintiffs technically prevailed against Commissioner Perales, they did not succeed on a significant issue so as to entitle them, as the prevailing parties, to be awarded attorney's fees, costs and expenses against him. *See Texas State Teachers Ass'n,* 489 U.S. at 792, 109 S.Ct. at 1493–94; *Caruso v. Forslund,* 47 F.3d 27, 31 (2d Cir.1995); *Carroll v. Blinken,* 42 F.3d 122, 130 (2d Cir.1994).

### C. *Commissioner DuRose*

■ The plaintiffs are clearly the prevailing parties as against Commissioner DuRose, not only attaining a judgment that he violated their constitutional rights, but also a monetary verdict in the sum of $300,000.

In calculating the reasonable attorney's fees, the court must establish a lodestar figure by multiplying the number of hours reasonably expended by the parties' attorneys by a reasonable hourly rate. *Blum v. Stenson,* 465 U.S. 886, 888, 104 S.Ct. 1541, 1543–44, 79 L.Ed.2d 891 (1984). The standards for making that determination are set forth in *Mendoza v. City of Rome,* 162 F.R.D. 260 (N.D.N.Y.1995).

■ Based on the above, the reasonable rates are $150.00 per hour for partner efforts; the requested $90.00 per hour for the associate; and $40.00 per hour for the paralegals. *See Haley v. Pataki,* 901 F.Supp. 85 (N.D.N.Y.1995), *aff'd,* 106 F.3d 478 (2d Cir. 1997). However, "[r]ecovery for travel time is usually granted at a reduced rate rather than at an attorney's full rate." *Auburn Enlarged City Sch. Dist. v. Coastal Envtl. Safety & Control,* No. 87–CV–1624, 1990 WL 19139, at *1 (N.D.N.Y. Feb. 27, 1990); *see Schenectady News, Inc. v. City of Schenectady,* No. 86–CV–1395, 1988 WL 50653, at *1 (N.D.N.Y. May 17, 1988). The reasonable rate is $65.00 per hour for travel time.

■ Commissioner DuRose's argument that many hours were expended on the claims against Commissioner Perales or unsuccessful claims is meritorious. Although many of the tasks performed and the time expended on those claims did serve multiple

purposes and were legally and factually intertwined with the successful claim against Commissioner DuRose, it is also clear that the plaintiffs' attorneys devoted much time in the litigation in the pursuit of claims against Commissioner Perales or individual defendants. It is recognized that it was very prudent to pursue these efforts, especially in view of the fact that if successful, the plaintiffs could have been awarded compensatory and/or punitive damages against state or county individuals, whereas monetary damages were not recoverable against Commissioner Perales, nor punitive damages against Commissioner DuRose while acting in their official government capacities. However, the fact remains that these efforts, however laudatory, were either not successful, or in the case of Commissioner Perales, of limited success, and the plaintiffs cannot be considered prevailing parties in that regard. Furthermore, this case is somewhat unique in that it is possible to review the submissions and make an educated judgment as to those efforts which were devoted to the successful claim against Commissioner DuRose, those efforts which were intertwined with that successful claim, and those efforts which were clearly devoted entirely to the unsuccessful claims against individuals and the claim against Commissioner Perales. Therefore, adjustments have been made to determine those hours reasonably expended or intertwined in pursuing plaintiffs' successful claim against Commissioner DuRose. The award includes the hours spent on this motion. *See Valley Disposal Inc. v. Central Vermont Solid Waste Management Dist.,* 71 F.3d 1053, 1059–60 (2d Cir.1995); *Mautner v. Hirsch,* 32 F.3d 37, 39 (2d Cir.1994).

By applying each attorney and paralegal's reasonable rate as determined above, to those hours reasonably expended by that attorney or paralegal as adjusted above, the court has made a calculation of the fee award in the following table:

| Attorney | Hours | Rate | Allowance |
|---|---|---|---|
| Nancy L. Pontius, Esq. | 290.1 | $150.00 | $43,515.00 |
| Travel | 10 | 65.00 | 650.00 |
| Carter H. Strickland, Esq. | 142.2 | 150.00 | 21,330.00 |
| Travel | 18 | 65.00 | 1,170.00 |
| Neal P. McCurn, Jr., Esq. | 13.2 | 90.00 | 1,188.00 |
| Paralegals | 11.7 | 40.00 | 468.00 |
| Total | | | $68,321.00 |

In view of the fact that the court has awarded partners $150.00 per hour for the entire period from 1990, there is no need for an upward adjustment for delay. Finally, the "computer legal research" expenses of $245.39 will be disallowed. Otherwise, the plaintiffs' application for expenses is fair and reasonable, and will be granted in the sum $2,003.47.

Therefore, it is

ORDERED that

1. The plaintiffs' motion for attorney's fees, costs, and expenses against the defendant Commissioner Cesar Perales is DENIED;

2. The plaintiffs' motion for attorney's fees, costs, and expenses against the defendant Commissioner Richard DuRose is GRANTED; and

3. The Clerk is directed to enter judgment in favor of the plaintiff Juanita DeCarlo against the defendant Commissioner Richard DuRose in the sum of $70,324.47 which represents $68,321.00 for attorney's fees (including paralegals) and $2,003.47 in expenses.

IT IS SO ORDERED.