In re Albert CIANCIOSO and
Maria Ciancioso, Debtors.

Ronald and Carole CIANCIOSO,
Plaintiffs–Appellants,

v.

Albert and Maria CIANCIOSO,
Defendants–Appellees.

Bankruptcy No. 894–80434–20.
Adv. No. 84–8195–20.
No. CV 94–4139.

United States District Court,
E.D. New York.

Sept. 24, 1995.

Jan O. Blau, New York City, for Plaintiffs–Appellants Ronald and Carole Ciancioso.

Charles S. Locks, Mineola, NY, for Defendants–Appellees Albert Ciancioso and Maria Ciancioso.

## ORDER

SPATT, District Judge.

This is an appeal by the plaintiffs-appellants Ronald Ciancioso ("Ronald") and Carole Ciancioso ("Carole") from an Order of United States Bankruptcy Judge Robert John Hall, which dismissed their complaint in Bankruptcy Adversary Proceeding No. 894–8195–20, and imposed sanctions on Ronald and Carole and their attorney, Jan O. Blau, Esq., jointly and severally in the amount of $1,750.00. In the record of a hearing on June 28, 1994, Judge Hall granted the motions by the defendants-appellants Albert Ciancioso ("Albert") and Maria Ciancioso ("Maria") seeking dismissal and sanctions. A written Order setting forth Judge Hall's oral decision is dated July 18, 1994.

Ronald and Carole appealed Judge Hall's Order to this Court on September 13, 1994. In an order dated September 23, 1994, this Court granted the appellants' motion for a stay pending appeal and for leave to appeal without the filing of a supersedeas bond. Albert and Maria opposed the motion for a stay, but did not file an appellate brief.

### I. BACKGROUND

The plaintiffs-appellants Ronald and Carole Ciancioso are husband and wife, as are the defendants-appellees Albert and Maria Ciancioso. Ronald and Albert are brothers, the sons of Emily Ciancioso.

On October 2, 1978, Albert Ciancioso and his mother Emily Ciancioso, with whom he resided, purchased property located at 203 Argyle Street in Valley Stream, New York. On August 31, 1985, Emily Ciancioso deeded her interest in the Valley Stream property to Albert.

Apparently Ronald and Carole complained that this transfer was a wrongful deprivation of Ronald's inheritance, alleging that Emily's signature was either forged or induced by overreaching on the part of Albert. The parties entered into a settlement of their dispute formalized by a written agreement dated November 18, 1986, signed by Ronald and Carole and Albert and Maria, which begins with the following clause:

RONALD and ALBERT are brothers and are desirous of resolving their relationship with their mother, EMILY CIANCIOSO and their respective interests in the estate and properties of their mother and deceased father;

The agreement provides in part:

That in consideration for RONALD to relinquish any interests that he may have in the estate of his parents, as well as the home known as 203 E. Argle [sic] Street, Valley Stream, New York, Section 37 Block 8 Lot 513 he will receive upon the execution of this Agreement the sum of SEVENTEEN THOUSAND THREE HUNDRED FIFTY ($17,350.00) DOLLARS and the sum of THIRTY TWO THOUSAND FIVE HUNDRED ($32,500.00) DOLLARS to be paid within three (3) years after the demise of their mother, EMILY CIANCIOSO or earlier if the said property designated herein is sold and/or transferred to a third party.

The agreement further provides that the $32,500.00 constitutes a lien upon the sale and transfer of the property and expressly states that the lien "will not be recorded." The agreement also provides that Ronald shall not be responsible for the care of Emily Ciancioso, and in that regard Albert agreed to hold Ronald harmless for any claims relating to expenses for the care of Emily Ciancioso or the maintenance of the Valley Stream property. The agreement states that it contains the entire agreement of the parties and is subject only to written modification or waiver.

Emily Ciancioso died in September of 1990. On October 13, 1993, Ronald and Carole brought an action in Supreme Court, Nassau County, alleging that Albert and Maria breached the November 18, 1986 written agreement by failing to pay the $32,500.00 within three years of Emily's death. On December 9, 1993, Ronald and Carole obtained a default judgment against Albert and

Maria in the sum of $33,642.25, which represented the $32,500.00 debt plus interest and costs. Ronald and Carole then sought to satisfy the judgment by filing an income garnishment against Albert's employer.

On October 20, 1993, a judgment of foreclosure was entered in Supreme Court, Nassau County, in an action commenced by Citibank Mortgage, Inc., the mortgagee of the Valley Stream property. A foreclosure sale was scheduled for February 1, 1994.

On January 6, 1994, Albert and Maria filed a voluntary Chapter 7 bankruptcy petition in the United States Bankruptcy Court, Eastern District of New York. The filing of the petition automatically stayed both the foreclosure sale and the enforcement of Ronald and Carole's money judgment, pursuant to 11 U.S.C. § 362. The bankruptcy petition lists the Valley Stream property as Albert and Maria's only real property asset. They also claim assets in the form of personal property totalling $33,988.00. Claims of $233,000.00 and $12,000.00 are listed, each secured by a mortgage on the Valley Stream property. The $233,000.00 mortgage is the subject of Citibank's foreclosure action. The only unsecured debt listed on the petition is the $32,500.00 debt to Ronald and Carole.

On May 2, 1994, Ronald and Carole commenced an adversary proceeding in the bankruptcy court, alleging that the debt to them is non-dischargeable pursuant to Section 523(a)(2) of the Bankruptcy Code, which exempts from discharge any debts obtained through fraud or misrepresentation. Albert and Maria responded by filing a motion to dismiss the adversary complaint for failure to state a cause of action upon which relief could be granted, pursuant to Rule 7012(b) of the Federal Rules of Bankruptcy Procedure and Rule 12(b) of the Federal Rules of Civil Procedure and for an award of attorneys fees.

After a June 28, 1994 hearing on the motion, Judge Hall dismissed the adversary complaint, without leave to replead and with prejudice. He also awarded $1,750.00 to Charles S. Locks, Esq. representing the attorney's fees and costs of his clients, Albert and Maria, in responding to the adversary complaint. Ronald and Carole and their attorney Jan O. Blau, Esq., were held jointly and severally liable for the $1,750.00, which Judge Hall awarded as sanctions. Judge Hall's oral rulings were also issued in a written Order dated July 18, 1994.

## II. DISCUSSION

### A. The Standard of Review

■ Findings of fact made by the bankruptcy court are reviewed by the district court on appeal under a clearly erroneous standard and conclusions of law are reviewed *de novo.* Fed.R.Bankr.P. 8013; *In re Momentum Manufacturing*, 25 F.3d 1132 (2d Cir.1994).

Judge Hall dismissed the complaint in the adversary proceeding, based on a failure to state any cause of action upon which relief could be granted. On appeal Ronald and Carole assert that the bankruptcy court erred in dismissing their complaint and imposing sanctions on the appellants and their attorney.

### B. Dismissal of the Complaint

■ The adversary proceeding complaint alleged that the unsecured debt owed to Ronald and Carole was not dischargeable in bankruptcy because it was based on fraud. *See* 11 U.S.C. § 523(a)(2). The facts alleged in support of this claim relate to the transfer of the Valley Stream property deed by Emily to Albert. Ronald and Carole's complaint asserts that as a result of the effects of Alzheimer's disease, Emily did not have the mental capacity to sign the deed. The complaint further asserted that the signature on the deed was not Emily's signature.

Section 523(a)(2) of the Bankruptcy Code provides that a debt obtained by "false pretenses, a false representation, or actual fraud" is not dischargeable in bankruptcy. Ronald and Carole argue to this Court that their pleading of fraud was sufficient to satisfy the particularity requirements of Fed. R.Civ.P. 9 and that a sufficient factual dispute regarding fraud exists so as to preclude summary relief.

In the Court's view, these arguments do not address the relevant defect in the adver-

sary complaint. In other words, whether or not Albert and Maria defrauded Emily Ciancioso in acquiring title to the Valley Stream property is not an issue in the present dispute. Albert and Maria's debt to Ronald and Carole was created by the written agreement dated November 18, 1986. Ronald and Carole's status as judgment creditors is based on Albert and Maria's default under the provisions of that agreement. The consideration for the November 18, 1986 agreement was an express release by Ronald of "any and all potential claims that Ronald may have" against the Valley Stream property or Emily's estate. The plain language of the agreement includes all claims with regard to the Valley Stream property, including a claim that Ronald and Carole were defrauded of some expectancy interest in the property when Emily deeded the property to Albert. Ronald and Carole expressly released all claims, including fraud claims, in return for (1) $17,350.00, (2) a promise to pay an additional $32,500 and (3) a promise to be held harmless from caring for Emily or the Valley Stream property.

It is clear that the $32,500.00 debt was created by a promise set forth in the written agreement between the parties. There is no allegation that the November 1986 agreement, in which Ronald and Carole liquidated their claims, was fraudulently induced.

The $32,500.00 debt that was created by the written instrument is properly characterized as a contract debt in the debtors' bankruptcy petition. The claim of Ronald and Carole and their state court default judgment reflect a contractual debt. In the Court's view, Judge Hall properly dismissed Ronald and Carole's adversary proceeding seeking a determination that the debt to them was not dischargeable in bankruptcy because it was fraudulently obtained within the meaning of 11 U.S.C. § 523(a)(2).

## C. The Imposition of Sanctions

■ As the Second Circuit observed in *Matter of Cohoes Indus. Terminal, Inc.*, 931 F.2d 222, 227 (2d Cir.1991), "[a]s in Rule 11 cases, we review the imposition of sanctions pursuant to Bankruptcy Rule 9011 using the abuse of discretion standard."

Ronald and Carole raise the following three arguments in appealing from Judge Hall's award of sanction: (1) that it was error to impose any liability on Ronald and Carole personally, in that they did not sign the papers that led to the imposition of sanctions; (2) that the imposition of sanctions in this case violates the substance and procedural requirements of Fed.R.Civ.P. 11; and (3) that it was inappropriate to make the sanctions payable to Albert and Maria's attorney, rather than the Albert and Maria.

■ As a preliminary matter, the Court will review the statutory basis for Judge Hall's decision to impose sanctions in the amount of attorneys fees and costs. In the June 28, 1994 motion hearing, Judge Hall stated that "the Court will grant counsel fees on Rule 11" and that "Under Rule 11 I'm granting [counsel fees]." Transcript of Motion Hearing before Judge Hall on June 28, 1994 at 10, 11 (hereinafter "Tr."). Ronald and Carole argue that this award does not conform to the requirements of Fed.R.Civ.P. 11, as amended in 1993. Their arguments apparently are premised on their understanding that Judge Hall was referring to Rule 11 of the Federal Rules of Civil Procedure when he made the order relating to the legal fees.

■ The 1993 version of Fed.R.Civ.P. 11 is inapplicable in the bankruptcy courts. *See* 9 Collier on Bankruptcy ¶ 9011.02 at 9011–6 to 9011–7. The comparable rule governing attorneys' conduct in federal bankruptcy courts is Federal Rule of Bankruptcy Procedure 9011, which intentionally tracks the language of the previous Fed.R.Civ.P. 11. When Fed.R.Civ.P. 11 was amended in 1993, Bankruptcy Rule 9011 was left unchanged, and the standards applicable in bankruptcy court diverged from those of other federal trial courts. *Id.* As a result, decisional law under the new Fed.R.Civ.P. 11 is of limited value in interpreting Bankruptcy Rule 9011. *Id.* Presumably, Judge Hall referred to the rule that governs bankruptcy proceedings, namely Bankruptcy Rule 9011, when he imposed sanctions on Ronald and Carole and their attorney.

■ Furthermore, even if Judge Hall had not characterized the award of attorneys fees as "sanctions," Ronald and Carole would have been liable for the fees pursuant to Section 523(d) of the Bankruptcy Code, which provides:

> If a creditor requests a determination of dischargeability of a consumer debt under subsection (a)(2) of this section, and such debt is discharged, the court shall grant judgment in favor of the debtor for the costs of, and a reasonable attorney's fee for, the proceeding if the court finds that the position of the creditor was not substantially justified, except that the court shall not award such costs and fees if special circumstances would make the award unjust.

The debt at issue in the present case is clearly a consumer debt within the meaning of the Bankruptcy Code, as it was incurred by individual debtors primarily for a personal, family or household purpose. 11 U.S.C. § 101(8). Ronald and Carole's adversary complaint challenged the dischargeability of the debt under § 523(a)(2) of the Code. Judge Hall expressly found that the position of the creditors Ronald and Carole was not substantially justified, stating "[t]he complaint fails to state any claim whatsoever. There is no legal, factual basis for the relief that is sought." Tr. at 10.

Based on these factors, an award of attorney's fees and costs under 11 U.S.C. § 523(d) would have been appropriate even if the issue of sanctions had never been raised. Nevertheless, the Court will address the appellants' contentions regarding the imposition of sanctions.

### i. The Party Liable for Sanctions

■ Ronald and Carole argue that because they did not sign the documents upon which the sanctions are based, it was inappropriate for Judge Hall to impose joint and several liability for attorney's fees and costs upon them as well as their attorney. This argument is without merit. First, Bankruptcy Rule 9011 authorizes the imposition of sanctions directly on a non-signatory party. That rule states, in pertinent part:

> If a document is signed in violation of this Rule, the court on motion or on its own initiative, shall impose *on the person who signed it, the represented party, or both,* an appropriate sanction, which may include an order to pay the other party or parties the amount of the reasonable expenses incurred because of the filing of the document, including a reasonable attorney's fee.

Fed.R.Bankr.P. 9011 (emphasis supplied).

[8] Decisions interpreting the pre–1993 Fed.R.Civ.P. 11 continue to be valid precedent for the interpretation of Bankruptcy Rule 9011. *See* 9 Collier on Bankruptcy ¶ 9011.02 at 9011–7. In a case that predates the 1993 amendment to Rule 11, the Second Circuit dismissed a meritless appeal and assessed costs and attorneys fees against the appellant and its attorney, jointly and severally, reasoning that "attorney and client are in the best position between them to determine who caused this appeal to be taken." *United States v. Potamkin Cadillac Corp.,* 689 F.2d 379 (2d Cir.1982); *see also Viola Sportswear, Inc. v. Mimun,* 574 F.Supp. 619 (1983). The concept of party liability for sanctions is also supported by other persuasive authority. *See e.g.,* Collier on Bankruptcy ¶ 9011.03 at 9011–20; *see also* Case Management Manual for United States Bankruptcy Judges 292–293 (1995).

The cases cited by the appellants to support the argument that Judge Hall erred in imposing liability for sanctions upon the losing parties personally are inapposite. For example, *Pavelic & LeFlore v. Marvel Entertainment Group,* 493 U.S. 120, 110 S.Ct. 456, 107 L.Ed.2d 438 (1989) holds that when an attorney is sanctioned under Fed.R.Civ.P. 11, liability cannot be imposed on his entire firm. *Pavelic & LeFlore* does not address the issue of whether the sanctioned attorney's *client* can be held liable, especially where the client bears some responsibility for the sanctionable conduct. The other case cited by the appellants, *Caisse Nationale de Credit Agricole–CNCA v. Valcorp, Inc.,* 28 F.3d 259 (2d Cir.1994), refers to the holding of *Pavelic & LeFlore,* and does not concern the issue raised in this appeal.

### ii. The Validity of the Sanctions

■ The appellants also argue that the award of sanctions was both substantively and procedurally erroneous. With regard to substance, Ronald and Carole contend that their adversary complaint conformed to the standards set forth in Fed.R.Civ.P. 11 in that it was based on existing law, or at least a good faith argument for the extension, modification, or reversal thereof, and that it was not made for an improper purpose such as harassment or delay. These are also the standards of Bankruptcy Rule 9011. With regard to procedure, the appellants argue that Fed.R.Civ.P. 11 requires either a separate motion for sanctions by the opposing party or a hearing if the sanctions are initiated by the court. The appellants assert that constitutional due process requires that notice and opportunity to be heard must be given before sanctions are imposed.

### a. the substantive claims

■ The imposition of sanctions is a matter of discretion and should be reviewed under an abuse of discretion standard with deference given to the findings of the sanctioning court. *See* 9 Collier on Bankruptcy ¶ 9011.03 9011–20–21; *Caisse Nationale, supra* 28 F.3d at 264. Unless the court based its ruling on an erroneous view of the law or on a clearly erroneous assessment of the evidence, no abuse of discretion will be found. *Caisse Nationale*, 28 F.3d at 264–65 (citation omitted). In this case, as stated above, the adversary complaint was without basis in the law. Judge Hall noted that the documents submitted by the plaintiffs were neither well supported nor well drafted. Based on its own review of the adversary complaint, the Court cannot say that the bankruptcy court abused its discretion by imposing sanctions on the plaintiffs-appellants. Furthermore, as discussed above, there is a independent basis supporting an award of costs and reasonable attorney's fees to the debtors Albert and Maria in this case, namely Section 523(d) of the Bankruptcy Code.

### b. the basis for the award

■ Some confusion as to the statutory basis for the award was created when Judge Hall referred to "Rule 11" during the June 28, 1994 motion hearing when he discussed sanctions. The Second Circuit has stated that a sanctioning court need only "specify the sanctionable conduct and the authority for the sanctions" to permit appellate review. *Caisse Nationale*, 28 F.3d at 264. The purpose of this requirement is to provide an adequate record for appellate review of the award. Such a record does exist in this appeal. This Court has reviewed the entire record, including the dismissed adversary complaint, the other papers submitted to the bankruptcy court in the adversary action and the transcript of the motion hearing before Judge Hall on June 28, 1995. Based on that review, the Court finds that under the circumstances of this case, Judge Hall acted within his discretion when he awarded $1,750 in attorney's fees and costs to the Debtors' attorney to cover his clients' expenses in responding to the adversary complaint. In addition, Judge Hall's written Order of July 18, 1994 expressly sets forth the statutory basis of the fee award, stating that the sanctions are awarded "pursuant to Rule 9011 of the Federal Rules of Bankruptcy Procedure...."

### c. the procedural claims

■ The appellants' procedural arguments are based on the amended Fed.R.Civ.P. 11, which requires that sanctions sought by parties be made by a separate motion and that sanctions initiated by the court include a hearing regarding the conduct that allegedly violates Rule 11. As discussed above, Bankruptcy Rule 9011 tracks the language of the former Fed.R.Civ.P. 11, and does not contain the procedural language cited by the appellants. Although the amended Fed.R. Civ.P. 11 would require a hearing in the absence of a motion for sanctions, that Rule does not govern bankruptcy proceedings.

■ Nevertheless, as the appellants contend, the Fifth Amendment's Due Process Clause does require that a sanctioned party be given notice and an opportunity to be heard. *See* Case Management Manual, *supra*, at 301. However, "[w]hen the issue of sanctions is raised by motion, the motion

itself usually provided adequate notice." *Id.* Albert and Maria's motion to dismiss the adversary complaint clearly requests an award of costs and reasonable attorney's fees, even though the motion does not characterize the award sought as "sanctions."

The relief requested in Albert and Maria's motion to dismiss, as well as the plain language of Section 523(d) of the Code, should have provided reasonable notice to Ronald and Carole that an award of attorney's fees could be granted by the bankruptcy court in the context of the motion before it. The motion hearing on June 28, 1994 provided an opportunity for Ronald and Carole to be heard on the issue of attorney's fees and costs. In addition, after the hearing, the appellants' attorney corresponded with the court and the opposing counsel with regard to the amount of the attorney's fee, and as a result Judge Hall reduced the amount of the award. It is the Court's view that the Due Process rights of Ronald and Carole and their attorney were not violated by the manner in which the sanctions were imposed.

### iii. The Amount of the Award

"The starting point in determining an appropriate sanction based upon the cost of attorneys' fees is 'the calculation of the time reasonably expended in responding to the improper signing which is then multiplied by a reasonable hourly rate.'" *In Re Cedar Tide Corp.,* 164 B.R. 808 (E.D.N.Y. 1994) (quoting *In re Wonder Corp. of America,* 109 B.R. 18, 32 (Bankr.D.Conn.1989)). The appellants argue that it was improper to award $1,750.00 when the defendants had actually paid their attorney only $350.00 toward his fee at the time of the June 28, 1994 hearing. They further contend that Judge Hall erred in ordering that the award of sanctions was to be paid to the defendants' attorney, and not to the defendants directly. Ronald and Carole argue that these errors result in a windfall to the defendants' attorney. The Court disagrees.

Judge Hall indicated on the record on June 28, 1994, that the monetary award represented the defendants' costs and attorney's fees for responding to the adversary complaint. At the hearing the defendants' attorney,

Charles Locks, Esq., stated that he "put in excess of ten hours consulting" to respond to the complaint, that his hourly rate was $175.00, and that with costs for on-line LEXIS research, the legal expenses for responding to the complaint were approximately $2,000.00. Tr. at 7–8. Judge Hall subsequently reduced the award to $1,750.00 because Locks had apparently agreed to charge Albert and Maria an hourly rate of $150.00 for his services.

In this Court's view, the award represents a reasonable number of hours expended for the services provided at a reasonable hourly rate. *See e.g. Huntington Branch NAACP v. Town of Huntington,* 749 F.Supp. 62, 65 (E.D.N.Y.1990) (rates of $135–$225 per hour appropriate); *Nu Life Constr. Corp. v. Board of Educ.,* 795 F.Supp. 602, 606 (E.D.N.Y. 1992) (rates of $165–200 per hour appropriate), *aff'd in relevant part,* 28 F.3d 1335, 1342 (2d Cir.1994). Accordingly, the Court finds that Judge Hall did not abuse his discretion by awarding costs and reasonable attorneys fees to the debtors' attorney in the amount of $1,750.00.

With regard to the defendants' attorney receiving a windfall when this award is satisfied, the Court directs that Charles Locks, Esq. is to return to Albert and Maria Ciancioso the portion of the $1,750.00 fee to be paid to him representing payments previously made to Locks.

### III. CONCLUSION

For the reasons stated above, the June 28, 1994 oral decisions and the July 19, 1994 written Order of United States Bankruptcy Judge Robert John Hall are affirmed in all respects.

The Clerk of the Court is advised that this Order closes the case.

**SO ORDERED.**